IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Brigitte Wright, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:03-cv-23 |
| ) | |
| Rollette County; Rolette County Sheriff ) | |
| Tony E. Sims, in his individual and official ) | |
| capacity, ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| Defendants. ) | |

___

Before the Court is the Defendants Rule 412 motion and the Plaintiff's motion in limine to exclude the testimony of Richard LaFromboise. For the reasons explained below the Rule 412 motion is granted in part and denied in part and the motion in limine with regard to Richard LaFromboise is denied.

## I.   BACKGROUND

As the parties are well versed in the facts of the case the Court will dispense with a lengthy review of them. The Plaintiff is a former employee of the Rolette County Sheriff's Office. She has brought an action against Rolette County and Sheriff Sims alleging sexual harassment in the form of a hostile work environment and constructive discharge.

The Defendants have given notice and filed a motion as required by Rule 412. They seek to admit evidence of Plaintiff's past sexual behavior and sexual predisposition. A hearing was held on April 7, 2006. Trial is scheduled for April 17, 2006.

1

**II.**     **DISCUSSION**

Rule 412 of the Federal Rules of Evidence provides in pertinent part as follows:.

(a) Evidence generally inadmissible.--The following evidence is not admissible in any civil or criminal proceeding involving alleged sexual misconduct except as provided in subdivisions (b) and (c):

(1) Evidence offered to prove that any alleged victim engaged in other sexual behavior.

(2) Evidence offered to prove any alleged victim's sexual predisposition.

(b) Exceptions.--

(2) In a civil case, evidence offered to prove the sexual behavior or sexual predisposition of any alleged victim is admissible if it is otherwise admissible under these rules and its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. Evidence of an alleged victim's reputation is admissible only if it has been placed in controversy by the alleged victim.

The Defendant's will argue at trial that actions of Sheriff Sims were not unwelcome. In furtherance of this argument they seek to introduce evidence described as falling in two categories:

1. Plaintiff's prior sexual history and behavior before becoming employed at the Sheriff's Department, including her behavior in other employment settings.

2. Plaintiff's sexual behavior after becoming employed at the Rolette County Sheriff's Department, including her behavior both inside and outside the workplace.

The Plaintiff's motion relates to the expected testimony of Richard LaFromboise. LaFromboise is not an employee of the Sheriff's Department. He is expected to testify as to comments of a sexual nature he heard the Plaintiff make in the workplace.

The Court has reviewed the parties submissions on the issue. Of particular help to the Court is the Eighth Circuit's recent opinion in <u>Wilson v. City of Des Moines</u>, No. 05-1444, 2006

WL 708529 (8th Cir. March 22, 2006).  In Wilson, the plaintiff had sued under Title VII alleging sexual harassment. Id.  The trial Court allowed the defendant to present evidence of sexually charged comments and "lewd, rude and unlady-like" language used by the plaintiff in the workplace. Id.  This evidence was admitted over the plaintiff's Rule 412 and Rule 403 objections after the Court determined it was not Rule 412 evidence because the plaintiff's behavior in the workplace was relevant. Id.  The Eighth Circuit affirmed despite the failure to follow Rule 412's procedural requirements. Id.  After determining that the evidence was Rule 412 evidence, the Eighth Circuit noted that an alleged victim's behavior in the workplace may be probative of welcomeness and that the trial Court had carefully limited the testimony to the alleged victim's workplace behavior and comments. Id.  Other cases have similarly drawn the Rule 412 line at behavior and comments made in the workplace. Beard v. Flying J. Inc., 266 F.3d 792, 801-02 (8th Cir. 2001)(allowing evidence of sexual behavior in the workplace); Excel Corp. v. Bosley, 165 F.3d 635, 640-41 (8th Cir. 1999)(affirming refusal to allow evidence of sexual activity outside the workplace).

      The Court is of the opinion that the Plaintiff's behavior in her workplace at the Sheriff's Department is highly relevant to the issue of welcomeness.  Rule 412 seeks to safeguard the privacy of alleged victims of sexual harassment.  The Plaintiff's words and actions in a public workplace do not raise privacy concerns and as such the probative value substantially outweighs any possible prejudice.

      Evidence relating to conduct outside the workplace is another matter.  This is especially true with regard to activities which are remote in time, involve workplaces other than the Sheriff's Department, or do not involve Sheriff Sims or other individuals who worked in the

3

Sheriff's Department. Such evidence would be of little relevance as past conduct or conduct with other persons does not have any bearing on whether the Plaintiff welcomed the conduct of Sheriff Sims. See Burns v. McGregor Elec. Indus., Inc., 989 F.2d 959, 963-64 (8th Cir. 1993)(private consensual activities, such as posing nude for a men's magazine, do not constitute a waiver of legal protections against unwelcome sexual harassment). However, conduct of the Plaintiff which the Sheriff and other Sheriff's Department employees observed outside the workplace may have informed their conduct in the workplace and the Court will allow it on the issue of welcomeness and the extent of any emotional distress incurred.

### III.     CONCLUSION

Accordingly, the Defendant's Rule 412 motion is **granted in part and denied in part**. Evidence of what occurred in the workplace will be allowed. Evidence of conduct which occurred outside the workplace will not be allowed unless such outside such conduct occurred in the presence of Sheriff Sims or other Sheriff's Department employees who can give first-hand accounts of what they saw or heard. The Plaintiff's motion in limine regarding Richard LaFromboise is **denied**.

**IT IS SO ORDERED.**

Dated this 10th day of April, 2006

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court