UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

Brigitte Wright,

        Plaintiff,

   -v-                                      A4-03-23

Rolette County, Rolette County Sheriff
Tony E. Sims in his individual and official
Capacity; et al.

        Defendants.

MEMORANDUM AND ORDER

A significant remaining pre-trial issue concerns the relevance of claimed economic loss arising from the constructive discharge claim.  Plaintiff's counsel takes the position that the decision of the Eighth Circuit Court of Appeals, granting Sheriff Sims qualified immunity and finding that the facts alleged do not justify going forward on a constructive discharge theory, apply only to Sheriff Sims and do not effect the identical claim against the County.  I disagree.  For all practical purposes Sheriff Sims, an elected official, is the County.

As the Attorney General's opinion (98-L-107) indicates, the Sheriff and the other elected officials of the County operate their various offices without any direct supervision from anyone within the statutory framework outlining their duties.  The Sheriff is not answerable to the County Commissioners or to any other elected County officer such as the Auditor, Treasurer, Register of Deeds, etc.  At best, other County Officials, such as the States Attorney or the

1

County Commissioners can attempt to advise another elected official, but have no power of sanction if the advice is not taken. The Commissioners do control the budgets of the various offices, but cannot hire, fire, promote, demote or discipline an employee under the control of another elected official. The commissioners can adopt an elaborate personnel policy which they deem applicable to all employees, yet as pointed out in the Attorney Generals' opinion, are without effective sanction if the elected official ignores the policy. An interesting aside is the contemplation that the existence of such a policy might be the basis for a claim against the County if the policy is ignored against the advice of the commissioners or States Attorney.

The County can of course be liable for the acts of its officials. Some dispute may exist as to whether or not an elected official is an employee of the County or to be treated as an agent. This is a distinction without difference. A tort committed by an employee or agent within the scope of his or her duties can subject the County to liability. The agent or employee involved in this case is Sheriff Sims. No one else had any authority to change the working conditions in the Sheriff's office. If those conditions can be shown to create an actionable claim, then appropriate damages can be considered, for the period of time which the employee spent working with those conditions.

If the working conditions result in a constructive discharge, then the full array of economic damages including front and back pay, loss of fringe benefits etc. can be shown. If however the aggrieved employee is deemed to have quit her job voluntarily, her later poverty or entrepreneurial riches are irrelevant.

This brings me back to the language in the Eighth Circuit opinion, namely "If the plaintiff cannot show the employer consciously intended her to quit, she can still prevail on a constructive discharge claim if "the employer–could have reasonably foreseen that the employee would quit as a result of its actions."  "In this case, Wright has failed to meet this standard and therefore Sims is entitled to qualified immunity on the constructive discharge claim.  While Sims' behavior was serious and reprehensible, Wright has not shown that her work conditions would be intolerable to a reasonable person."  "The evidence shows that the work environment was not so intolerable so as to force Wright to quit."

I initially denied summary judgment in favor of Sheriff Sims.  The circuit reversed and included the language quoted above.  It would seem very presumptuous on my part to put the issue back in for trial.

The motion to exclude "economic damages" sought under a constructive discharge theory is granted.

Dated this 11th day of April, 2006.

                                              /s/ *Patrick A. Conmy*
                                              Patrick A. Conmy, Senior District Judge
                                                    United States District Court