**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Brigitte Wright, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03-cv-23 |
| | ) | |
| Rollette County; Rolette County Sheriff Tony E. Sims, in his individual and official capacity, | ) ) ) | |
| | ) | **MEMORANDUM AND ORDER** |
| | ) | **REGARDING COSTS** |
| | ) | |
| Defendants. | ) | |

___

Before the Court are motions for taxation of controverted costs filed by defendants Sims and Rolette County. The motions are made following a jury trial at which the defendants prevailed on claims of sexual harassment in the workplace. The plaintiff has stipulated to costs in the amount of $1,789.56 as to defendant Rolette County and $2,610.52 as to defendant Sims. At issue are controverted costs in the amount of $6,732.90 as to defendant Rolette County and $4,993.03 as to defendant Sims.

**I.    COSTS**

The taxation of costs is governed by Fed. R. Civ. P. 54, Local Rule 54.1 and 28 U.S.C. §§ 1920 and 1821. Rule 54(d)(1) of the Federal Rules of Civil Procedure provides as follows:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be

reviewed by the court.

28 U.S.C. § 1920 provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The taxation of costs is a "normal incident of defeat" but trial courts have significant discretion in their award. Poe v. John Deere Co., 695 F.2d 1103, 1108(8th Cir. 1982)(quoting Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981)).

**A.  Deposition Expenses**

Generally, deposition expenses are recoverable as costs if the deposition was used at trial or was reasonably necessary. 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2676 (3d ed. 1998).  The deposition must have been "necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

The plaintiff objects to expenses for a number of depositions which she describes as unnecessary.  The plaintiff's argument is that the most direct evidence of necessity os whether the transcript was actually used at trial or in a court proceeding.  A number of district court cases are cited in support of this proposition. See Ryther v. Kare 11, 864 F.Supp. 1525, 1534 (D. Minn. 1994); Uni-Systems, Inc. v. Delta Air Lines, Inc., 2002 WL 505914 (D. Minn. 2002).  The

plaintiff further argues that many of the depositions were obtained for discovery and investigatory purposes only as they were not used at trial.

The defendants argue that with the exception of the depositions of Shirley Swenson, Dr. Mallory Leon, and Steve McAtee all of the depositions objected to were noticed and taken by the plaintiff. Neither Swenson nor McAtee testified at trial and their depositions were noticed and taken by defense counsel. Dr. Leon did testify at trial. The defendants also point out that many of the deposition transcripts were used in support of their motions for summary judgment and utilized for trial preparation.

The Court will allow the taxing of costs for depositions of any person who testified at trial and for all those depositions noticed and taken by the plaintiff. The Court can hardly fault defense counsel for obtaining transcripts of depositions the plaintiff noticed and took. This would seem to be a reasonable and necessary practice. Also, that a witness actually testified at trial is good evidence of the necessity of having taken the deposition. The Court will allow costs to be taxed for all the depositions objected to except Shirley Swenson and Steve McAtee.

### B.  Copying of Morley Investigative File

Both defendants have claimed a cost of $80.40 for copies of the Morley Investigation file. Fees for photocopying expenses of papers "necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(4). The plaintiff objects and asserts that she provided both defense counsel with a bate stamped photocopy of the file so there was no need to obtain an additional copy. The investigative file was not admitted or used at trial. It was submitted in support of defense motions for summary judgment. Mr. Morley was hired by the defendants to investigate the plaintiff's report of sexual harassment. The defendants should have been

3

provided with a copy of the file and report by Mr. Morley.  At the very least they had access to it.  The Court will not allow this expense to be taxed to the plaintiff.

### C.  Sheriff's Fees

The plaintiff objects to sheriff's fees for the service of trial subpoenas.  While Marshal's fees are taxable as costs under 28 U.S.C. § 1920(1), no provision is made for the use of a special process server.  The Eighth Circuit Court of Appeals has interpreted this statute strictly. Crues v. KFC Corporation, 768 F.2d 230, 234 (8th Cir. 1985)(holding cost of special process server is not recoverable because 28 U.S.C. § 1920 makes no provision for such expenses).  Defendant Sims argues such fees should be allowable and notes several courts have given this statute a rather liberal reading since the Marshal's Service no longer regularly engages in the service of civil process.  Although the equities may favor the taxation of sheriff's fees, the Court is bound by Crues until such time as the Eighth Circuit revisits the issue or Congress amends 28 U.S.C. § 1920. See Bunda v. Potter, 2006 WL 266513 (N.D. Iowa 2006)(giving a lengthy and scholarly review of this exact issue before concluding sheriff's fees for service of process are not taxable).

### D.  Scale Floor Plan of Rolette County Courthouse

Defendant Rolette County requests $730.07 for scale floor plan of the Rolette County Courthouse it had made by an architectural firm.  The floor plan was used at trial and received as Exhibit 116.  The plaintiff objects and argues the cost for the floor plan is excessive and the exhibit was unnecessary.  Rolette County has provided no argument in support of this claimed cost.  A fee of $730.07 for a line drawing does seem exorbitant.  This was a hostile work environment sexual harassment case.  The diagram was of some use but certainly not essential. The hiring of an architectural firm to produce a line drawing of a floor plan would seem

4

unnecessary.  The court will allow a partial reimbursement of $150.00  The Court will disallow the balance of this cost as being excessive and unnecessary.

### E.  Appellate Filing Fees

The plaintiff objects to defendant Sims' claimed cost of $255.00 for filing an interlocutory appeal with the Eighth Circuit Court of Appeals.  The Court will allow this claimed cost finding it is taxable under 28 U.S.C. § 1920(1) which allows for "fees of the clerk."

### F.  Video Synchronization

The plaintiff objects to the video synchronization fee of $475.00 claimed by both defendants as a taxable cost.  This expense was incurred in order to synchronize the video deposition of the plaintiff with the transcript.  The plaintiff argues this $950.00 expense was not necessarily incurred for use in the case and thus should not be recoverable.  This expense is above and beyond the $905.50 as to Rolette County and $438.00 as to Sims that the plaintiff stipulated to for the deposition of Brigitte Wright.

Expenses related to the taking of depositions which are "necessarily obtained for use in the case" are recoverable as costs. 28 U.S.C. § 1920(2).  The issue is whether the video synchronization was really necessary.  The synchronized video deposition was used at trial in attempting to impeach the plaintiff's testimony.  It would not have been possible to use the videotaped deposition for impeachment without the synchronization.  However, impeachment with the transcript of the deposition would have been possible as was done with every other witness who testified during the trial.  The Court is forced to the conclusion that while the videotape deposition was interesting and novel it was not necessary.  It was luxury the defendants chose to use but it was not necessary to the jury's understanding of the case.  The

synchronization expenses will not be allowed as costs.

### G.  Overnight Accommodation

The plaintiff objects to $347.60 costs claimed by defendant Rolette County for overnight stays by witnesses Steve Fischer, Gordon Marek, Kelly Peach, and Brock Baker.  All of these witnesses testified at trial but their respective testimony was rather brief.  Witnesses are entitled to subsistence payments only when an overnight stay is required because the place of attendance was so far removed from the witness's residence. 28 U.S.C. § 1821(d)(1).  Rolette County has provided no explanation as to the necessity of the overnight stays.  It unknown where they stayed and which night they stayed.  Absent any justification, the Court will not allow this claimed cost to be taxed.

### H.  Digitizing and Copying of Audio Cassette Recordings

Defendant Rolette County requests costs in the amount of $120.50 for digitizing and copying audio cassette recordings made by the plaintiff.  The plaintiff objects and points out no such recordings were introduced or used at trial.  Rolette county has provided no argument in support of this claimed cost.  As no recordings were used at trial the Court will not allow such an expense.

## II.   CONCLUSION

Accordingly, the motions for costs are **granted in part** and **denied in part**.  The following costs will be taxed to the plaintiff and included in the Judgment: $3,906.20 to defendant Sims and $4,076.85 to defendant Rolette County.  These costs are in addition to those costs stipulated to previously.

**IT IS SO ORDERED.**

Dated this 1st day of June, 2006.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court